***E-FILED - 8/2/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OWENS,<br><br>    Plaintiff,<br><br>  v.<br><br>A. PADILLA, et. al.,<br><br>    Defendants. | No. C 06-4778 RMW (PR)<br><br>ORDER DENYING MOTION FOR RELIEF UNDER RULE 60(B)<br><br>(Docket No. 71) |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF") in Soledad, California. After full briefing, on September 30, 2009, this court granted defendants' motion for summary judgment and entered judgment for the defendants. On December 23, 2009, plaintiff filed an untimely notice of appeal to the Ninth Circuit Court of Appeal. On February 9, 2010, the Ninth Circuit dismissed the appeal for lack of jurisdiction. See Owens v. Padilla, et al., No. 09-17909 (9th Cir. Feb. 9, 2010). On April 23, 2010, the Ninth Circuit denied a motion for reconsideration filed by plaintiff. On May 3, 2010, the Ninth Circuit issued its mandate.

    On July 12, 2010, plaintiff filed in this court a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Plaintiff asserts that he should have received a notice regarding his rights and obligations for filing an appeal similar to the notice given to pro se

litigants in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

The court is not persuaded. First, the Rand requirement is specific to Rule 56 motions and is irrelevant to Federal Rule of Appellate Procedure 4. See Rand, 154 F.3d at 957-58. Second, there are very limited circumstances in which the district court vacate its prior judgment pursuant to a Rule 60(b) motion filed after the time to appeal has expired, as it has here, and re-enter judgment to permit the filing of a timely notice of appeal. Rodgers v. Watt, 722 F.2d 456, 458-59 (9th Cir. 1983) (en banc). Relief under Watt is only available where the petitioner can demonstrate due diligence and excusable neglect, and then only where the excusable neglect arose after expiration of the time to file a motion for extension of time to file an appeal under Fed. R. App. P. 4(a)(5); Watt, 722 F.2d at 459. However, "[w]hen relief from judgment is sought after the thirty day period allowed by Rule 4(a)(5), the applicability of the Rule 60(b)(1) excusable neglect standard may be questioned as being counter to the policy indicated by Rule 4(a)(5)'s time frame." Watt, 722 F.2d at 459.

Here, petitioner claims his notice of appeal was untimely because of excusable neglect due to "oversight" and an "innocuous mistake." Relief under Rule 60(b)(6) requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." Pioneer Inv. Services Co. v. Brunswick Associates Ltd., 503 U.S. 380, 392 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." United States

Order Denying Motion for Relief Under Rule 60(b)
P:\pro-se\sj.rmw\cr.06\Owens778mtd       2

1  v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).   Petitioner has failed to
2  show either.
3     In addition, Federal Rule of Appellate Procedure 4(a)(6), explicitly sets time limits for
4  filing a motion in the district court to reopen the time to appeal when a party did not receive
5  notice of entry of judgment.  That Rule provides that the petitioner must have failed to receive
6  notice of entry of judgment within 21 days after entry of judgment, and that the motion must be
7  filed within 180 days after entry of judgment or within 14 days after the moving party receives
8  notice of entry of judgment. Fed. R. App. P.  4(a)(6).  Because petitioner also does not meet this
9  standard, there is no basis for relief.
10     Accordingly, petitioner's motion is DENIED.  This order terminates docket no. 71.
11     IT IS SO ORDERED.
12  DATED:  7/30/10
                                      _____
                                      RONALD M. WHYTE
13                                    United States District Judge